The opinion of the Court was delivered by
Whitner, J.
The case of Stoney vs. Beaubien, (2 McM. 313,) is considered by this Court as conclusive of the point raised in this case. These cases belong to a peculiar class, but having been well considered and the authorities on which they rest fully examined in the case adjudged and reported, but little remains for me to do than to announce the judgment of this Court. The contract, in its legal construction, is a promise made as well by the defendant, as by Ashton, the other promis-sor, for value received. It is insisted that this is a promise to pay the debt of another, and void because of a want of consideration. By the pleadings, as well as the note, Ashton and the defendant each assumes, for value received, to pay to the plaintiff the same sum of money. The fact that their names are placed on different sides of the paper, in no way changes the promise. If this note had been made and delivered to the plaintiff, and afterward the defendant had been induced, as a new and collateral undertaking, to affix her name, the objection raised must then have - been considered. The signatures, it would seem, were made at the same time, each certainly before the note was delivered to the plaintiff. When received by him, therefore, it was the note of each. On a question as to the fact, this is certainly prima facie evidence of good consideration, and throws the onus of proof on the defendant. Credit was given, as appears by direct evidence, on the faith of this promise by each, and whilst it continues the object and duty of the Court to enforce contracts, a willing ear will not be afforded to one who aids, by the use of his name, such an enterprize as that in which Ashton was embarked, A passing word is, perhaps, necessary to disembarrass the case of the supposed dilemma in *311 which this plaintiff is placed by putting his own name on the back of his own note, as endorser it would seem — thus occupying, as it is alleged he did, the post of danger, by placing his name above that of the defendant. Had this note passed from his hand, or remaining in his possession, unexplained, the -prima facie evidence of the paper itself would have been against him. But parol proof is admissible as to mode of execution ; and certainly, as to the order of signatures, as amongst several endorsements, it is competent to shew their true order. The accidental arrangement on the paper cannot be regarded as conclusive. This might be illustrated by many analogies. The fact here certainly was incontrovertible, that the note was executed by Ashton and Scott before delivery to plaintiff, and, therefore, complete as a several undertaking. Assuming this to be the note of Ashton and Scott, payable to Baker or order, it cannot be that the signature of his name on the back, either through mistake, or, it may be, for the purpose of passing to another by indorsement, at least whilst it was undelivered, could so far retroact upon the paper itself, as to change its character and absolve the maker. There is no fraud pretended. The circumstances preclude such an imputation. As in the case of an endorser, he might have stricken out his name before suit brought, or on the trial, and should not be' prejudiced by the act.
The motions for nonsuit and for new trial, are refused.
O’Neall, Evans, Frost and Withers, JJ. concurred.

Motions refused.